UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Daniel Lee Johnson,

Petitioner,

vs. ORDER

United States of America,

Respondent. Civ. No. 01-467 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 29th day of March, 2001.

* * *

The Petitioner has filed a Petition for a Writ of Habeas Corpus which claims that he is being illegally detained by the Respondent for reasons which are violative of his rights under the Constitution, laws or treaties of the United States.

Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts provides that a Petition for Habeas Corpus "shall be in substantially the form annexed to these rules, except that any district court may by local rule require that petitions filed be in a form prescribed by the local rule."[1] Accordingly,

[1]We note that, although the Petitioner is using Title 28 U.S.C. §2241, and not Title 28 U.S.C. §2254 as a means with which to challenge the conditions of his confinement, under Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, we may, in our discretion, apply the same rules to Habeas

FILED MAR 29 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

our Local Rule, D. Minn. LR 9.3, directs that "Petitions for a Writ of Habeas Corpus, whether brought by a state or federal prisoner, * * * shall be submitted for filing in a form which is substantially in compliance with forms available from the Clerk of Court."

Notwithstanding these directives, the Petition here has not been presented in a form which is substantially in compliance with the form Habeas Petitions which are made available by the Clerk of our Court. Accordingly, pursuant to Rule 2(e), Rules Governing Section 2254 Cases in the United States District Courts, we direct the Clerk of Court to return the instant Petition to the Petitioner, together with a blank copy of the Clerk's "Petition for Writ of Habeas Corpus Persons in Federal Custody under Title 28 U.S.C. Section 2241", form. Thereafter, should the Petitioner wish to pursue this action, **by no later than twenty days from the date of this Order,** he is to file an Amended Petition which substantially complies with the form Petition provided by the Clerk of Court. The Petitioner may again submit a separate Memorandum which sets forth the legal arguments in support of his claims, but each of his asserted grounds for Habeas relief must be clearly identified on the face of the Amended Petition. Lastly, the

---

Petitions that are not filed pursuant to Section 2254.

Petitioner is forewarned that his failure to comply with any of these directives, including the time limitation noted, shall result in our issuance of a Recommendation that his Petition be summarily dismissed without prejudice.

NOW, THEREFORE, It is --

ORDERED:

1. That the Clerk of Court shall return to the Petitioner the instant Petition for Writ of Habeas Corpus, together with a blank copy of the Clerk's "Petition for Writ of Habeas Corpus Persons in Federal Custody under Title 28 U.S.C. Section 2241" form.

2. That, pursuant to Rule 2(e), Rules Governing Section 2254 Cases in the United States District Courts, the Clerk of Court shall retain a copy of the original Petition in the Court's Official File.

3. That should the Petitioner wish to pursue this action, then, **by no later than twenty days from the date of this Order**, he is to file an Amended Petition, which substantially complies with the form Petition provided by the Clerk of Court. The Petitioner may submit a separate Memorandum which sets forth the legal arguments in support of his claims, but each of his asserted grounds for Habeas relief must be clearly identified on the face of the Amended Petition.

4. That, should the Petitioner fail to comply with any of these directives, including the time limitation noted, the Court shall issue a Recommendation that his Petition be summarily dismissed without prejudice.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE