UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Daniel Lee Johnson,

Petitioner,

vs. REPORT AND RECOMMENDATION

United States of America,

Respondent. Civ. No. 01-467(RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 29th day of November, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see, Title 28 U.S.C. §2241, which alleges that the Petitioner is being illegally detained, by the Respondent, for reasons which are violative of his rights under the Constitution, laws, or Treaties of the United States. The Petitioner has appeared pro se, and the Respondent has appeared by Andrew S. Dunne, Assistant United State Attorney.

For reasons which follow, we recommend that the Petition for Writ of Habeas Corpus be denied.

FILED NOV 29 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. Factual and Procedural History

The Petitioner is presently serving a 188-month sentence at the Federal Correctional Institution in Waseca, Minnesota. The sentence was imposed by the United States District Court for the Western District of Missouri, in February of 1994, following a guilty plea. The Petitioner was convicted of possession with intent to distribute methamphetamine, in violation of Title 21 U.S.C. §841.

On April 21, 1997, the Petitioner filed a Motion, with the Sentencing Court, for relief pursuant to Title 28 U.S.C. §2255. The Court denied his Petition on July 11, 1997. The Petitioner has now filed a Petition for a Writ of Habeas Corpus, under Title 28 U.S.C. §2241, raising a new claim -- that his sentence is unconstitutional, in light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000) -- because the Indictment failed to specify the amount of methamphetamine he was alleged to have possessed. The Petitioner never sought to file a second, or successive Section 2255 Petition, as he claims that such a Petition is barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, Title I, §105, 110 Stat. 1220, and consequently renders Section 2255 inadequate and ineffective to test the legality of his detention.

## III. Discussion

The Respondent initially asserts that we are without jurisdiction, under Title 28 U.S.C. §2241, to address the claim that the Petitioner seeks to raise here. The law is settled that challenges to the lawfulness of a conviction, or to a sentence -- rather than to the lawfulness of the execution of a sentence -- are generally not reviewable by the Habeas mechanism but, rather, should be submitted to the Sentencing Court in a Section 2255 Petition. See, Title 28 U.S.C. §2255; DeSimone v. Lacy, 805 F.2 321, 323 (8th Cir. 1986); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983).

Before the enactment of Section 2255, Federal prisoners, who sought to collaterally attack their convictions or sentences, were required to file Petitions for Habeas Corpus in the District Court for the District in which they were incarcerated. As a consequence, those challenges were unduly concentrated in the relatively few Districts that contained Federal prisons. Section 2255 was enacted in order to change the venue of post-conviction proceedings, which are initiated by Federal prisoners, from the District of incarceration, to the District in which the prisoner had been sentenced, thereby ensuring a more even distribution of Federal post-conviction proceedings. See, United States v. Hayman, 342 U.S. 205, 212-19 (1952).

In an apparent recognition of the constitutional questions which might arise from totally foreclosing the availability of Habeas relief, Congress created a safety valve, within Section 2255, by expressly permitting a Federal prisoner to mount an attack upon his conviction, by means of a Habeas Petition, if it appeared that a Section 2255 Motion "[would be] inadequate or ineffective to test the legality of [the prisoner's] detention." Title 28 U.S.C. §2255. According to our Court of Appeals, a would-be Habeas Petitioner bears the burden of demonstrating, as a precondition to applying for Habeas Corpus, that the remedy in the Sentencing Court is inadequate or ineffective. See, DeSimone v. Lacy, supra at 323.

Courts have construed the "inadequate or ineffective" safety valve narrowly, so as to prohibit a Court in the District in which the prisoner is confined from second-guessing the Sentencing Court, and the Court of Appeals to which that Court is responsible, or from engaging in an end-run around the procedural strictures that Congress has set forth in Section 2255. Ordinarily, "the remedy afforded by [Section] 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, * * * or because an individual is procedurally barred from filing a [Section] 2255 motion." In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); see also, Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Tripati v. Henman, 843 F.2d

1160, 1162 (9th Cir. 1988); cf., Johnson v. Petrovsky, 626 F.2d 72, 73 (8th Cir. 1980)(holding that a prisoner, who was denied relief under Section 2255, was precluded from raising same grounds in Habeas Petition under Section 2241).

The AEDPA amended Section 2255 by restricting the circumstances under which Federal prisoners are permitted to file second, or successive Motions, that attack their sentences, and this enactment has spawned a new category of cases, in which the Section 2255 remedy is no longer considered adequate or effective. The AEDPA, which retained Section 2255's "inadequate or ineffective" clause, added the following language to the Section:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain[1] --

---

[1]The relevant portions of Section 2244(b)(3) provide as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the

(continued...)

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. §2255.

Here, the Petitioner relies on a new rule of constitutional law -- the Supreme Court's decision in Apprendi v. New Jersey, supra -- as a basis for his contention that the remedy afforded by Section 2255 is "inadequate or ineffective."

In Apprendi, the Supreme Court determined that, "other than the fact of a prior conviction, any fact that increases the penalty

---

[1](...continued)

> filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

Title 28 U.S.C. §2244(b)(3).

for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. However, as the decision in Apprendi goes to the duration of the Petitioner's sentence, his Petition should properly be submitted to the Sentencing Court, pursuant to a Motion under Section 2255, rather than a Section 2241 Petition, unless he can prove that his remedy under Section 2255 is "inadequate or ineffective."

The Petitioner claims that his remedy under Section 2255 is "inadequate or ineffective" because the Supreme Court decided Apprendi after the Petitioner's conviction, but has not made the decision retroactive, thereby barring the Court of Appeals from allowing the second or successive Petition. See, Harris v. United States, 119 F. Supp.2d 458 (D.N.J. 2000)("This Court finds that petitioner's [Apprendi] claim is one of the few instances where Dorsainvil operates to permit a §2241 challenge to the lawfulness of a federal sentence."). Id. at 460, citing In re Dorsainvil, 119 F.3d 245, 248 (3rd Cir. 1997). He relies on a line of cases which arose from the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995).[2] See, United States v. Triestman, 124 F.3d

[2]In Bailey, the Supreme Court rejected the reasoning of all twelve appellate Courts, and adopted a narrow definition of the term "use," as it is applied in Title 18 U.S.C. §924(c), which makes it a crime to "use or carry" a firearm during and in relation to a drug trafficking offense, or a crime of violence. See, Bailey (continued...)

361 (2nd Cir. 1997); In re Dorsainvil, supra at 251. The Court, in Triestman, reasoned that a claim based on Bailey v. United States, supra, rested on neither a new rule of constitutional law, nor newly discovered evidence, thereby foreclosing all opportunities to present such a claim, and that such a result "would raise serious constitutional questions," which are implicated by the continued imprisonment of an actually innocent person. See, Triestman v. United States, supra at 379.

In reaching an identical result, the Court of Appeals for the Seventh Circuit held as follows:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental defect in his conviction as having been imprisoned for a nonexistent offense. It could indeed, though this we need not decide, be thought an inadequacy of constitutional dimensions.

In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998).

---

[2](...continued) v. United States, 516 U.S. 137 (1995). Since the appellate Courts had previously applied a broad definition to the term "use, it was possible that some defendants were, after Bailey, actually innocent of the crime for which they had been convicted." Id. However, since Bailey dealt only with the statutory interpretation of Title 18 U.S.C. 924(c), and did not create a "new rule of Constitutional law made retroactive on collateral review," the Courts of Appeals were prohibited from granting permission to file a second, or successive Habeas Petition, under Section 28 U.S.C. §2255. See, Triestman v. United States, 124 F.3d 361, 376 (2nd Cir. 1997).

The Court rejected the Second Circuit's standard -- which would permit a Federal prisoner to seek Habeas Corpus if, and only if, not allowing him to do so would raise serious constitutional questions -- as "too indefinite." Id. Rather, it offered a more regimented alternative, and held that a "federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." Id. In addition, the Court determined that a Federal prisoner would not be able to resort to Section 2241 unless the change in the law had been made retroactive by the Supreme Court,[3] the change "eludes the permission in section 2255 for successive motions," and the change in the law was not merely a difference in the law of the Circuit, in which the prisoner was sentenced, and the law in the Circuit in which he is incarcerated. Id. at 611-12.

Unquestionably, the Petitioner's access to a remedy, under Section 2255, is foreclosed as, in Rodgers v. United States, 229 F.3d 704, 705 (8th Cir. 2000), our Court of Appeals denied a second, or successive Motion under Section 2255, which involved an Apprendi

---

[3]In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court dispelled any doubts that Bailey's interpretation of Section 924(c)(1) applied retroactively.

issue, as outside the jurisdiction of the Appeals Court, because the Supreme Court has not, to date, made Apprendi retroactive to cases on collateral review. The mere denial of access to the Court, however, by means of collateral review under Section 2255, does not automatically result in a finding that Section 2255 relief is either "inadequate or ineffective." See, United States v. Lurie, 207 F.3d 1075, 1076 (8th Cir. 2000)("While courts have not thoroughly defined what is meant by 'inadequate or ineffective,' recent cases from our sister circuits make clear that more is required than demonstrating that there is a procedural barrier to bringing a §2255 motion."). In any event, whether the Petitioner can otherwise demonstrate an entitlement to file a Section 2241 Petition is an issue we need not decide, nor need we address the avenues by which other Circuits have permitted such a Habeas review under Section 2241, as our Court of Appeals has recently held that a Section 2241 Petition would not provide the relief the Petitioner requests here.

The Petitioner's principal argument is that the decision in Apprendi should be applied retroactively, under Teague v. Lane, 489 U.S. 288, 305 (1989). In Teague, the Supreme Court held that new constitutional rules of criminal procedure cannot be applied retroactively to cases on collateral review, unless they fall within

certain narrow exceptions. Id. at 311. As our Court of Appeals has explained:

> [I]f a decision announces a "new rule" of criminal procedure, it is not to be applied retroactively to convictions that have already become final when the decision is announced unless the new rule falls within one of two narrow exceptions. One exception is applicable when the new rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe, or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense. The second exception applies when a new "watershed" rule of criminal procedure implicates the fundamental fairness and accuracy of a criminal proceeding.

Nelson v. United States, 184 F.3d 953, 955 (8th Cir. 1999), cert. denied, 528 U.S. 1029 (1999).

Our Court of Appeals has just recently determined that the procedural rule announced in Apprendi "is not of watershed magnitude" and, therefore, is not applicable to cases on collateral review. See, United States v. Moss, 252 F.2d 993, 997 (8th Cir. 2001), and cases cited therein ("Consistent with the Ninth and Fourth Circuits, and the overwhelming majority of district courts, we hold today that Apprendi is not of watershed magnitude and that Teague bars petitioners from raising Apprendi claims on collateral review."); see also, Murphy v. United States, 268 F.3d 599, 600 (8th Cir. 2001)(applying the Court of Appeal's decision in Moss to a Motion to Vacate under Section 2255). Thus, even if we properly

had jurisdiction over the Petition before us under Section 2241, we would be compelled, by the governing authority in this Circuit, to recommend -- as we do here -- that the Petition be denied as the rule in Apprendi does not apply retroactively to cases on collateral review.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petition for a Writ of Habeas Corpus [Docket Nos. 1 and 4] be denied.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than December 14, 2001**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than December 14, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.